**IT IS ORDERED as set forth below:**

Date: June 10, 2010

_____
W. H. Drake
U.S. Bankruptcy Court Judge

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| GRANTVILLE MILL, LLC, | : | CASE NO. 10-10354-whd |
| | : | |
| Debtor | : | |
| | : | |

**ORDER ESTABLISHING SALE PROCEDURES, SCHEDULING AUCTION, AND
SCHEDULING HEARING ON APPROVAL OF SALE**

Grantville Mill, LLC (the "Debtor"), filed its Motion for Entry of Orders Pursuant to 11 U.S.C. §§ 105 AND 363 (A) Authorizing and Scheduling an Auction at which the Debtor will Solicit the Highest or Best Bid for the Sale of Substantially all of its Property; (B) Approving Bid Procedures Governing the Proposed Sale; and (C) Approving the Sale of the Property to the Party Submitting the Highest or Best Bid (the "Motion") in which it sought approval of (i) certain procedures to govern an auction of its real property, improvements, and all appurtenant rights located at 41 Industrial Way, Grantville, GA 30220 (the "Property"), and (ii) the sale of the Property to the highest and best bidder.

The Property consists of two adjoining parcels: (i) a tract of unimproved property consisting of approximately 40 acres (the "Unimproved Tract") that is collateral for a debt owed Branch Banking & Trust ("BB&T"), and (ii) a tract of improved property consisting of approximately 14 acres (the "Improved Tract") (collectively, the Unimproved Tract and the Improved Tract are referred to as the "Tracts") that is collateral for a debt owed Capital City Bank ("CCB").

BB&T filed a limited objection designed to ensure that potential bidders (i) may bid on each tract separately, and (ii) allocate the price between the two tracts if the offer covers both Tracts and is less that the allowed secured debt of both secured creditors. The matter came before the Court on the issue of the approved procedures on June 4, 2010 (the "Procedures Hearing"). Having heard from counsel for the Debtor, and BB&T having indicated that the terms of this Order resolve its limited objection, and based on the record in the case, it is

FOUND AND DETERMINED that notice of the Procedures Hearing was sufficient under the circumstances and that the proposed procedures were submitted by the Debtor in good faith and with the goal of maximizing value of the Property to be sold; and it is further

NOW, THEREFORE, IT IS ORDERED that the procedures governing any proposed sale of the Property as set forth on attached Exhibit "A" are hereby approved; and it is further

ORDERED that approval of these procedures shall not be deemed to be approval of any proposed sale and shall not prejudice the rights of any party to object to any sale proposed by the Debtor, and neither BB&T nor CCB has consented to any sale or any particular bid.

** END OF DOCUMENT**

**Prepared and presented by:**

LAMBERTH, CIFELLI, STOKES,
ELLIS & NASON, P.A.
Counsel for Debtor

By: /s/ *G. Frank Nason, IV*
      G. Frank Nason, IV
      Georgia Bar No. 535160
3343 Peachtree Road NE, Suite 550
Atlanta, GA 30326-1022
(404) 262-7373

**Identification of parties to be served:**

G. Frank Nason, IV, Lamberth, Cifelli, Stokes, Ellis & Nason, P.A., 3343 Peachtree Road NE, Suite 550, Atlanta, GA 30326

Jeneane R. Treace, Office of the United States Trustee, 362 Richard Russell Building, 75 Spring Street, S.W., Atlanta, GA 30303

Donya M. Byrnside, Parker Hudson Rainer & Dobbs, LLP, 285 Peachtree Center Avenue, Suite 1500, Atlanta, GA 30303

John D. Andrle, Esq., 3525 Piedmont Rd., NE, Suite 700, Atlanta, GA 30305

# EXHIBIT "A"

## Procedures

(i) <u>Initial Bid</u>. Any party that is interested in acquiring the Property must submit an initial bid (the "Initial Bid') in conformance with the Bid Procedures by not later than 5:00 local time in Atlanta, Georgia on or before June 14, 2010 (the "Bid Deadline"). Any such Initial Bid must:

    (a) Contain a signed agreement, which includes (i) an identification of whether the bid covers the Unimproved Tract, the Improved Tract, or both Tracts, (ii) the purchase price for each Tract covered by the bid, and (iii) not be subject to any (1) financing contingency, (2) contingency relating to the completion of unperformed due diligence, (3) contingency related to the approval of the bidder's board of directors or other internal approvals or consents, or (4) any conditions precedent to the bidder's obligation to purchase the Property;

    (b) Include a cashiers' or certified check (payable to the order of Lamberth, Cifelli, Stokes, Ellis & Nason, P.A., Trust Account) representing a deposit in the amount of $250,000 or 10% of the bid price, whichever is less, it being understood that deposits may also be sent by wire transfer of immediately available funds, to be held by Debtor's counsel, Lamberth, Cifelli, Stokes, Ellis & Nason, P.A. in escrow;

    (c) To the extent not previously provided to the Debtor, be accompanied by evidence satisfactory to the Debtor in its reasonable discretion that the bidder is willing, authorized, capable and qualified financially, legally and otherwise, of unconditionally performing all obligations under the agreement in the event that it submits the Prevailing Bid (as defined below) at the Auction (as defined below);

    (d) Remain open and irrevocable until seven (7) days after the entry of an Order by the Court approving a definitive agreement providing for the sale of the Property .The Debtor may extend the Bid Deadline without further notice and for one or more bidders, but shall not be obligated to do so.

(ii) <u>Auction</u>. In the event that the Debtor receives more than one conforming Initial Bid from a prospective purchaser as described above (a "Qualified Bidder"), then the Debtor will conduct an auction with respect to the sale of the Property on June 15, 2010, beginning at 10:00 a.m. local time, at the offices of the Debtor's counsel, Lamberth, Cifelli, Stokes, Ellis & Nason, P.A., 3343 Peachtree Road, NE, Suite 550, Atlanta, Georgia 30326 (the "Auction"). Based upon the terms of the Initial Bids received and such other information as the Debtor determines is relevant, the Debtor may conduct the Auction in the manner the Debtor determines will achieve the maximum realizable value for the Property. In order to participate in the Auction, each prospective purchaser shall be required to comply with the requirements of the Bid Procedures and to submit an Initial Bid that is timely and that complies in all respects with the Bid Procedures Order. At

the Auction, Qualified Bidders may submit successive bids in increments of (i) at least $50,000 greater than the prior bid, if the bid covers both Tracts, or (ii) $25,000 greater than the prior bid if the bid covers the Unimproved Tract or the Improved Tract individually until there is only one offer that the Debtor determines, subject to Bankruptcy Court approval, is the highest or best offer (the "Prevailing Bid"). The second best bid, as determined by the Debtor, shall be deemed the "Secondary Bid". The Debtor shall determine in its discretion what conforming Initial Bid is the highest and best bid to begin the Auction. All bidding for the Property will be concluded at the Auction and there will be no further bidding at the Sale Hearing. If only one conforming Initial Bid from a Qualified Bidder shall have been received at or prior to the Bid Deadline (as may be extended as set forth above), the Auction will not be held and the Sale Hearing will proceed with respect to the agreement submitted by the sole Qualified Bidder. In the event no conforming Initial Bid from a Qualified Bidder shall have been received at or prior to the Bid Deadline (as may be extended as set forth above), the Debtor, in consultation with BB&T and CCB, will determine the appropriate course of action, including withdrawal of the Sale Motion. In the event the Debtor receives an bid from a Qualified Bidder that satisfies all creditor claims and provides an acceptable return to equity, the Debtor may cancel the Auction and seek approval of the sale at the Sale Hearing.

(iii) <u>Sale Hearing</u>. The Sale Hearing will be conducted at 10:10 a.m. local time, on June 18, 2010 at the United States Bankruptcy Court, Lewis R. Morgan Federal Building, 2nd Floor Courtroom, 18 Greenville Street, Newnan, GA, at which time the Debtor intends to present the Prevailing Bid for approval by the Court pursuant to the provisions of sections 105 and 363 of the Bankruptcy Code. The Debtor shall be deemed to have accepted a bid only when the bid has been approved by the Court at the Sale Hearing. Upon the failure to consummate a sale of the Property after the Sale Hearing because of the occurrence of a breach or default under the terms of the Prevailing Bid, the parties shall be authorized without further Order of the Court to consummate the transaction contemplated by the backup Secondary Bid.

(iv) <u>Highest and/or Best Bid</u>. At all times during the Sale Process, the Debtor shall retain full discretion and right to determine, in its sole discretion, which bid constitutes the highest or otherwise best offer for the purchase of the Property, and which bid should be selected as the Prevailing Bid, if any, or the Secondary Bid, if any, all subject to final approval by the Court pursuant to the provisions of section 363(b) of the Bankruptcy Code. Without limiting the generality of the foregoing, the Debtor may, at any time before entry of an Order of the Court approving a Prevailing Bid, reject any bid that, in the Debtor's sole discretion, the Debtor determines is (i) inadequate or insufficient, (ii) contrary to the requirements of the Bankruptcy Code or the Sale Process, or (iii) contrary to the best interests of the Debtor, its estate or its creditors. The Debtor may adopt rules for the Auction that, in its judgment, will better promote the goals of the Auction

and that are not inconsistent with any of the other provisions hereof or of any Bankruptcy Court Order.

(v) <u>Sale Implementation</u>. Following the approval of the Prevailing Bid at the Sale Hearing, the Debtor will be authorized and directed to take all commercially reasonable and necessary steps to complete and implement the transaction(s) contemplated by the Prevailing Bid, including (but not limited to) seeking entry of one or more sale orders.

(vi) <u>Application of Deposit</u>. At closing, the Deposit will be credited to the purchase price to be paid by the bidder submitting the Prevailing Bid (the "Prevailing Bidder") or, if appropriate, the Secondary Bid (the "Secondary Bidder"). The Deposit provided by the Secondary Bidder will be refunded upon closing the sale to the Prevailing Bidder. If the Prevailing Bidder does not close within ten (10) days of the entry of the Sale Order, Lamberth, Cifelli, Stokes, Ellis and Nason, P.A. will be directed to retain the Deposit paid by the Prevailing Bidder pending further Order of the Court, and the secondary Bidder shall thereupon be deemed the Prevailing Bidder.

(vii) <u>Credit Bid</u>. BB&T may credit bid up to the amount of its debt on the Unimproved Tract and CCB may credit bid up to the amount of its debt on Improved Tract. BB&T and CCB shall be deemed Qualified Bidders.