UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| GRANTVILLE MILL, LLC, | : | Case No. 10-10354-whd |
| | : | |
| Debtor. | : | Judge Drake |
| | : | |

**LIMITED OBJECTION OF BRANCH BANKING AND TRUST
COMPANY TO DEBTOR'S MOTION FOR ENTRY OF ORDERS PURSUANT TO
11 U.S.C. §§ 105 AND 363 (A) AUTHORIZING ND SCHEDULING AN AUCTION AT
WHICH DEBTOR WILL SOLICIT THE HIGHEST OR BEST BID FOR THE SALE OF
SUBSTANTIALLY ALL OF ITS PROPERTY; (B) APPROVING BID PROCEDURES
GOVERNING THE PROPOSED SALE; AND (C) APPROVING THE SALE OF THE
<u>PROPERTY TO THE PARTY SUBMITTING THE HIGHEST OR BEST BID</u>**

Branch Banking and Trust Company ("Lender") hereby objects, on a limited basis, to the Motion for Entry of Orders Pursuant to 11 U.S.C. §§ 105 and 363 (a) Authorizing and Scheduling an Auction at Which the Debtor Will Solicit the Highest or Best Bid for the Sale of Substantially All of its Property; (b) Approving Bid Procedures Governing the Proposed Sale; and (c) Approving the Sale of the Property to the Party Submitting the Highest or Best Bid (Doc. No. 28) (the "Motion") filed by Debtor Grantville Mill, LLC (the "Debtor"). In support of its limited objection, Lender respectfully shows the Court as follows:

**<u>Background</u>**

1.    On February 1, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor has retained possession of its assets and is authorized to continue the operation and management of its business as a debtor-in-possession.

2.    Lender extended pre-petition financing to the Debtor pursuant to the terms of that certain Promissory Note dated February 21, 2008, in the original principal amount of $500,000,

made by the Debtor to the order of Lender, and that certain Promissory Note dated February 20, 2009, in the original principal amount of $13,111, made by the Debtor to the order of Lender (collectively, as at any time amended, modified, or restated, the "Notes"). The Notes are secured by that certain Georgia Security Deed and Security Agreement dated February 21, 2008, executed by the Debtor in favor of Lender, and recorded at Deed Book 3322, Page 672, Coweta County Records (as at any time amended, modified or restated, the "Security Deed," the Notes, the Security Deed, and all related documents and agreements shall be referred to collectively herein as the "Loan Documents"), which Security Deed granted to Lender security title to certain real property (the "BB&T Collateral") located in Coweta County, Georgia. The BB&T Collateral consists of an approximately forty (40) acre parcel of land. In the Debtor's Schedules, filed on February 19, 2010 (Doc No. 15) (the "Schedules"), the Debtor admits that Lender has a first priority lien on the BB&T Collateral.

3.     The Debtor's Schedules also state that Capital City Bank ("CCB") holds security title to certain real property located in Coweta County, Georgia (the "CCB Collateral"). Upon information and belief, the CCB Collateral consists of an approximately fourteen (14) acre parcel of land located next to the BB&T Collateral.

4.     On May 10, 2010, the Debtor filed its Motion requesting, among other things, entry of an order approving (i) the sale of substantially all of the Debtor's property (the "Property"), including the BB&T Collateral and the CCB Collateral, and (ii) the proposed sale and bid procedures governing the proposed sale of the Property (collectively, the "Bid Procedures"), as provided in the Motion.

5.     On June 2, 2010, Lender filed its Limited Objection of Branch Banking and Trust Company to Debtor's Motion for Entry of Orders Pursuant to 11 U.S.C. §§ 105 and 363

2

(a) Authorizing and Scheduling an Auction at Which the Debtor Will Solicit the Highest or Best Bid for the Sale of Substantially All of its Property; (b) Approving Bid Procedures Governing the Proposed Sale; and (c) Approving the Sale of the Property to the Party Submitting the Highest or Best Bid [Doc. No. 30] (the "Bid Procedures Objection").  In the Bid Procedures Objection, Lender objected to the Motion to the extent that the proposed Bid Procedures did not require parties submitting bids on the Property to submit their bids separately on each of the parcels of land that make up the Property, or, in the alternative, to allocate their bids, among the parcels of land being sold.

6. The Debtor amended the proposed Bid Procedures to resolve Lender's objections in the Bid Procedures Objection, and the Court entered its Order Establishing Sale Procedures, Scheduling Auction, and Scheduling Hearing on Approval of Sale on June 10, 2010 [Doc. No. 31] (the "Order"), setting the Auction (as defined in the Order) for 10:00 EDT on June 15, 2010, and setting a Sale Hearing (as defined in the Order) for 10:10 EDT on June 18, 2010.

7. On June 11, 2010, CCB filed its Capital City Bank's Notice of Credit Bid [Doc. No. 32], whereby it submitted a credit bid, in the full amount of its debt, on the CCB Collateral (the "CCB Bid").

8. Upon information and belief, the Auction did not take place as the Debtor only received one bid (other than the CCB Bid) on the Property (the "Bid").  Lender has been unable to find out any other information on the Bid, other than the fact that the funds for the required deposit for the Bid did not clear by the Bid Deadline (as defined in the Order).

## Limited Objection

9. In its Motion, the Debtor states that it anticipates that Lender and CCB will each consent to the sale of the Property, or be paid in full from the proceeds of the sale.

10. Lender objects to the sale of the BB&T Collateral to the extent that any proposed sale of the BB&T Collateral does not result in Lender being paid in full from the proceeds of the sale at closing. As Lender has received little to no information on the Bid, including whether the Bid covers the BB&T Collateral or the purchase price of the Bid, and Lender has been unable to obtain a copy of the purchase agreement submitted with respect to the Bid, Lender is unable to determine at this time whether the purchase price of the Bid will allow the Debtor to pay off in full the obligations owing by Debtor to Lender under the Loan Documents.

11. Lender does not object to the proposed sale of the Property if the cash to be distributed to Lender at closing is sufficient to pay the Notes and other obligations owing by the Debtor to Lender under the Loan Documents in full, or is otherwise acceptable to Lender in its sole and absolute discretion.

WHEREFORE, Lender respectfully requests that the Court (ii) grant its approval of the sale of the Property subject to Lender's limited objection, and (ii) grant to Lender such other and further relief as may be necessary or appropriate under the circumstances.

Respectfully submitted this 16th day of June, 2010.

**PARKER, HUDSON, RAINER & DOBBS LLP**
Attorneys for Lender

By: */s/ Donya Mir Byrnside*
James S. Rankin, Jr.
Georgia Bar No. 594620
jsr@phrd.com
Donya Mir Byrnside
Georgia Bar No. 433098
dmb@phrd.com

1500 Marquis Two Tower
285 Peachtree Center Avenue, NE
Atlanta, Georgia 30303
(404) 523-5300

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **LIMITED OBJECTION OF BRANCH BANKING AND TRUST COMPANY TO DEBTOR'S MOTION FOR ENTRY OF ORDERS PURSUANT TO 11 U.S.C. §§ 105 AND 363 (A) AUTHORIZING ND SCHEDULING AN AUCTION AT WHICH DEBTOR WILL SOLICIT THE HIGHEST OR BEST BID FOR THE SALE OF SUBSTANTIALLY ALL OF ITS PROPERTY; (B) APPROVING BID PROCEDURES GOVERNING THE PROPOSED SALE; AND (C) APPROVING THE SALE OF THE PROPERTY TO THE PARTY SUBMITTING THE HIGHEST OR BEST BID** was served upon the persons who receive notice electronically of filings in this case through the Court's ECF system.

This 16th day of June, 2010.

                                                       */s/ Donya Mir Byrnside*
                                                       Donya Mir Byrnside
                                                       Georgia Bar No. 433098
                                                      dmb@phrd.com