**IT IS ORDERED as set forth below:**

Date: July 13, 2010

_____
W. H. Drake
U.S. Bankruptcy Court Judge

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| GRANTVILLE MILL, LLC, | : | CASE NO. 10-10354-whd |
| | : | |
| Debtor | : | |
| | : | |

**ORDER APPROVING SALE FREE AND CLEAR OF
LIENS, CLAIMS, AND ENCUMBRANCES**

The above named Debtor filed its MOTION FOR ENTRY OF ORDERS PURSUANT TO 11 U.S.C. §§ 105 AND 363 (A) AUTHORIZING AND SCHEDULING AN AUCTION AT WHICH THE DEBTOR WILL SOLICIT THE HIGHEST OR BEST BID FOR THE SALE OF SUBSTANTIALLY ALL OF ITS PROPERTY; (B) APPROVING BID PROCEDURES GOVERNING THE PROPOSED SALE; AND (C) APPROVING THE SALE OF THE PROPERTY TO THE PARTY SUBMITTING THE HIGHEST OR BEST BID (the "Motion") on June 4, 2010. On June 10, 2010, the Court entered its ORDER ESTABLISHING SALE PROCEDURES, SCHEDULING AUCTION, AND SCHEDULING HEARING ON APPROVAL OF SALE (the "Procedures Order"). The property that was the subject of the Motion consists of two adjoining parcels: (i) a tract of unimproved property consisting of approximately 40 acres (the "Unimproved Tract") that is collateral for a debt owed Branch Banking & Trust ("BB&T"), and (ii) a tract of improved property consisting of approximately 14 acres (the "Improved Tract") that is collateral for a debt owed Capital City Bank ("CCB").

The Procedures Order set forth certain procedures for the sale and authorized BB&T and CBB to credit bid on their respective collateral. The matter came before the Court on June 25,

2010, following a reset of the hearing originally scheduled for June 18, 2010. At the hearing, the Debtor announced that it received only one Qualified Bid (as defined in the Procedures Order), to wit: a Credit bid from CBB of $1,847,016.44. There being no objections to the sale of the Improved Tract,[1] and based on the record in the case, the Court accepts the following representations of the parties:

    A.    The Court has jurisdiction over the Motion and the transaction contemplated therein pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) (2) (A) and (N). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    B.    The statutory predicates for the relief sought in the Motion are Sections 105 and 363 of 11 U.S.C. §§ 101 et seq. (as amended, modified or supplemented, the "Bankruptcy Code"), and Bankruptcy Rules 2002, 6004, and 9014.

    C.    The transaction contemplated by the Motion was negotiated and has been and is undertaken by the Debtor and CBB without collusion or fraud, and in good faith within the meaning of Section 363(m) of the Bankruptcy Code. As a result of the foregoing, the Debtor and CBB are entitled to the protections of Section 363(m) of the Bankruptcy Code.

    D.    Neither the Debtor nor CBB have engaged in any conduct that would cause or permit the proposed sale to be avoided under Section 363(n) of the Bankruptcy Code.

    E.    A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

For all of the foregoing and after due deliberation, the Court ORDERS, ADJUDGES, AND DECREES THAT:

    1.    The sale of the Improved Tract, the legal description of which is attached hereto as Exhibit "A," to CBB free and clear of all liens, claims, rights, interests, and encumbrances of any kind or nature whatsoever is hereby APPROVED.

    2.    The Debtor is authorized to execute and deliver, and empowered to execute such documents as are reasonably necessary to effectuate the sale approved herein.

    3.    This Order shall be binding in all respects upon all creditors of the Debtor, all successors and assigns of CBB, and the Debtor. Nothing contained in any Chapter 11 plan confirmed in this bankruptcy case or in the confirmation order confirming any such Chapter 11 plan shall conflict with or derogate from the provisions of the Sales Contract or this Order.

    4.    The sale contemplated herein was undertaken by CBB in good faith, as that term is used in Section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale shall not affect the

---

[1] Although BB&T filed a limited objection, BB&T's collateral is not the subject of this sale and BB&T has no objection to entry of this Order.

validity of the sale of the Improved Tract to CBB, unless such authorization is duly stayed pending such appeal. CBB is a purchaser in good faith of the Improved Tract and is entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code.

5.      The stay of orders authorizing the use, sale, or lease of property as provided for in Bankruptcy Rule 6004(g) shall not apply to this Order, and this Order is immediately effective and enforceable.

** END OF DOCUMENT**

Order prepared and presented by:
LAMBERTH, CIFELLI, STOKES,
  ELLIS & NASON, P.A.

  /s/ G. Frank Nason, IV
      G. Frank Nason, IV
      Georgia Bar No. 535160
3343 Peachtree Road, NE, Suite 550
Atlanta, GA  30326-1022
(404) 262-7373
Counsel for Debtors

**Parties to be Served:**

G. Frank Nason, IV, Lamberth, Cifelli, Stokes, Ellis & Nason, P.A., 3343 Peachtree Road, NE, Suite 550, Atlanta, GA 30326

R. Jeneane Treace, United States Trustee, 362 Richard B. Russell Federal Building, 75 Spring, Street, Atlanta, GA 30303

Donya M. Byrnside, Parker Hudson Rainer & Dobbs, LLP, 285 Peachtree Center Avenue, Suite 1500, Atlanta, GA 30303

John D. Andrle, Esq., 3525 Piedmont Rd., NE, Suite 700, Atlanta, GA 30305

# EXHIBIT "A" FOLLOWS

02/24/2010 16:34 FAX  850 878 9153    Docu  CENTRO agent GOLDING    ☒050/074

**EXHIBIT "A"**    BK=3213  PG=30

ALL THOSE TRACTS TRACT OR PARCELS OF LAND LYING AND BEING IN LAND LOT 244 OF THE 2ND DISTRICT, OF COWETA COUNTY, GEORGIA, BEING TRACT A 12.9389 ACRES TRACT B 0.103 ACRES AND TRACT C 0.5448 ACRES. BEING A TOTAL OF 13.59 ACRES AS PER PLAT RECORDED IN PLAT BOOK 88, PAGES 155, RECORDS OF COWETA COUNTY, GEROGIA, WHICH PLAT IS BY REFERENCE IN CORPORATED HEREIN AND MADE A PART HEREOF.

(07-LAW-0722.PFD/07-LAW-0722/16)